Ray Perales
#42266, IMSI
P.O. Box 51
Boise, ID 83707-0051

Petitioner

Case No.: _____ Inmate Name: Ray Perales
Date: 3-16-21 Inmate IDOC #42266
Document Title: Motion Under 28 U.S.C. § 2255,
Attachment A, EXHIBIT 1
Total Pages: 11 Inmate Verification: R.P
Document(s) 1 of 6

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

oOo

RAY PERALES,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. _____
Ref. Case #: 1:17-cr-245-DCN-1

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   **United States District Court, District of Idaho, Boise, Idaho.**

   (b) Criminal docket or case number: **1:17-cr-00245-DCN-1**

2. (a) Date of the judgment of conviction: **10/09/2018**
   (b) Date of Sentencing: **10/04/2018**

3. Length of sentence: **262 months**

4. Nature of crime (all counts):

   COUNT I: 21 U.S.C. §§ 841(a)(1)(A), and 846; COUNT II: 28 U.S.C. §§ 841(a)(1) and (b)(1)(A); COUNT III: 18 U.S.C. § 923(g)(1); 21 U.S.C. § 853(a)(1) and (2); 18 U.S.C. § 924(d); 28 U.S.C. § 2561(c).

5. (a) What was your plea? **GUILTY**

   (b) If you entered a guilty plea to one count or indictment, and not guilty to another count or what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? N/A

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? NO

MOTION UNDER 28 U.S.C. § 2255 - p.1

8.  Did you appeal from the judgment of conviction? NO

9.  If you did appeal, answer the following:
    (a) Name of court: N/A
    (b) Docket or case number: N/A
    (c) Result: N/A
    (d) Date of result: N/A
    (e) Citation to the case: N/A
    (f) Ground raised: N/A
    (g) Did you file a petition for certiorari in the United States Supreme Court: N/A
        If "Yes," answer the following:
        (1) Docket or case number: N/A
        (2) Result: N/A
        (3) Date of result: N/A
        (4) Citation to case: N/A
        (5) Grounds raised:

        N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    No

11. If you answer to Question 10 as "Yes," give the following information:
    (a) (1) Name of court: N/A
        (2) Docket of case number: N/A
        (3) Date of filing: N/A
        (4) Nature of the proceeding: N/A
        (5) Grounds raised: N/A

        (6) Did you receive a hearing where evidence was given on your motion, petition, or application?

            NO

        (7) Result: N/A
        (8) Date of result: N/A
    (b) If you filed any second motion, petition, or application, give the same information:
        (1) Name of court: N/A
        (2) Docket of case number: N/A
        (3) Date of filing: N/A
        (4) Nature of the proceeding: N/A
        (5) Grounds raised:

            N/A

        (6) Did you receive a hearing where evidence was given on your motion, petition, or application?

            NO

MOTION UNDER 28 U.S.C. § 2255 - p.2

(7) Result: N/A
(8) Date of Result: N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition or application?

    (1) First petition: No
    (2) Second petition: No

(d) If you did not appeal from the action on any motion, petition or application, explain briefly why you did not:

Petitioner entered into a Rule 11 Plea Agreement that prevented him from filing anything other than a 28 U.S.C. § 2255 Motion alleging ineffective assistance of trial counsel. Additionally, petitioner brings forth a "Brady Vioaltion" claim in where the government withheld exculpatory material evidence that may be favorable to his case, and a claim in which the government coerced him to plead guilty by entering into the Rule 11.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. State the facts supporting each ground.

Petitioner sets forth every ground for this Motion, which are contrary to, or involved an unreasonable application of clearly established Federal Law, as determinied by the Supreme Court of the United States, and the convictions resulted in decisions that were based on an unreasonable determination of the facts in light of the evidence on file in this case, evidence withheld by the government, and that was presented in the District Court proceedings.

<u>GROUND ONE</u>: See ATTACHMENT A for this Ground and Supporting Facts, that is attached hereto, and by this reference incorporated herein by this reference

  (a) **Supporting facts**: See ATTACHMENT A, that is attached hereto, and by this reference incorporated herein as if restated in its entirety.

  (b) **Direct Appeal of Ground One**:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    No

    (2) If you did not raise this issue in your direct appeal, explain why:

    This claim is not cognizable in a direct appeal, and petitioner was not permitted to due to Rule 11 Plea Agreement. See also **Sanchez v. U.S.**, 50 F.3d 1448, 1453 (9th Cir. 1995) and <u>U.S. v. Dula</u>, 989 F.2d 772, 775-76 (5th Cir. 1993).

  (c) **Post-Conviction Proceedings**:

    (1) Did you raise this issue in any post-conviction motion, petition, or application? NO

    (2) If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: N/A

Name and address of court where the motion or petition was filed:
N/A

Docket or case number: N/A

Date of the court's decision: N/A

Result: N/A

(3) Did you receive a hearing on your motion, petition or application?
N/A

(4) Did you appeal from the denial of your motion, petition, or application?
N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number: N/A

Date of the Court's decision: N/A

Result: N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
Petitioner entered into a Rule 11 Plea Agreement which only permits him to file a 28 U.S.C. § 2255, and this ground is also based on newly discovered evidence that came to light after the sentence and judgment was entered, and petitioner only now was able to purse it in this filing now as he was not afforded access to proper legal materials to pursue a § 2255 Motion. (See ATTACHMENT B)

GROUND TWO: Petitioner incorporates by reference the facts in GROUND ONE here in GROUND TWO. He further sets forth GROUND TWO in ATTCHMENT A, that is attached hereto, and by this reference incorporated herein as if restated in its entirety.

(a) Supporting facts: See ATTACHMENT A, that is attached hereto, and by this reference incorporated herein as if restated in its entirety.

(b) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?
NO

(2) If you did not raise this issue in your direct appeal, explain why:

This claim is not cognizable in direct appeal, and Petitioner had entered into a Rule 11 Plea Agreement which Petitioner was coerced into by the Government. <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985); <u>Miller v. Angliker</u>, 848 F.2d 1312, 1322 (2nd Cir.), cert. denied, 488 U.S. 890 (1988).

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition or application? NO

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number: N/A

Date of court's decision: N/A

Reslut: N/A

(3) Did you receive a hearing on your motion, petition, or application? N/A

(4) Did you appeal from the denial of your motion, petition, or application? N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number: N/A

Date of the Court's decision: N/A

Result: N/A

(7) If your answer to Question (c)(4) or (c)(5) is "No," explain why you did not appeal or raise this issue:

Petitioner entered into a Rule 11 Plea Agreement which had only permitted him to file a 28 U.S.C. § 2255 as to ineffective assistance of counsel. This ground is based on Ground One as the government chose to withhold several law enforcement investigative reports from certain agencies and then coerced him into accepting the Rule 11 by informing him if he refused they would file more serious charges on him. This ground also did not come to light

until after the sentence and judgment had been entered in the record. Additionally, petitioner only recently has been afforded some access to some of the proper legal materials to pursue a § 2255 Motion. (See ATTACHMENT B)

**GROUND THREE:** Petitioner sets forth that GROUND THREE is set forth in ATTACHMENT A, that is attached hereto, and by this reference incorporated herein as if restated in its entirety.

(a) Supporting facts: See ATTACHMENT A, that is attached hereto, and by this reference incorporated herein as if restated in its entirety.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

NO

(2) If you did not raise this issue in your direct appeal, explain why:

This claim is not cognizable in direct appeal, and Petitioner had entered into a Rule 11 Plea Agreement which included a waiver of right to direct appeal and collateral attack under 28 U.S.C. § 2255 motion except alleging ineffective assistance of counsel. Therefore this claim is cognizable in this proceeding.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition or application? NO

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Date of court's decision: N/A

Result: N/A

(3) Did you receive a hearing on your motion, petition, or application?

N/A

(4) Did you appeal from the denial of your motion, petition or application?

N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number: N/A

Date of the Court's decision: N/A

Result: N/A

(7) If your answer to Question (c)(4) or (c)(5) is "No," explain why you did not appeal or raise this issue:

Petitioner entered into a Rule 11 Plea Agreement which had only permitted him to file a 28 U.S.C. § 2255 as to ineffective assistance of counsel. Petitioner has only recently been afforded some access to some of the proper legal materials in order to pursue a § 2255 Motion. (See ATTACHMENT B)

**GROUND FOUR:** Petitioner sets forth that GROUND FOUR is set forth in ATTACHMENT A, that is attached hereto, and by this reference incorporated herein as if restated in its entirety.

(a) Supporting facts: See ATTACHMENT A, that is attached hereto, and by this reference incorporated herein as if restated in its entirety.

(b) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

NO

(2) If you did not raise this issue in your direct appeal, explain why:

This claim is not cognizable in direct appeal, and Petitioner had entered into a Rule 11 Plea Agreement which included waiver of right to direct appeal and collateral attack under 28 U.S.C. § 2255 motion except alleging ineffective assistance of counsel. Therefore this claim is cognizable in this proceeding.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition or applicaiton? NO

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Date of court's decision: N/A

Result: N/A

(3) Did you receive a hearing on your motion, petition, or applicaiton?

N/A

(4) Did you appeal from the denail of your motion, petition or application?

NO

MOTION UNDER 28 U.S.C. § 2255 - p.7

(5) If you answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court were the appeal was filed: N/A

Docket or case number: N/A

Date of the Court's decision: N/A

Result: N/A

(7) If your answer to Question (c)(4) or (c)(5) is "No," explain why you did not appeal or raise this issue:

Petitioner entered into a Rule 11 Plea Agreement which had only permitted him to file a 28 U.S.C. § 2255 as to ineffective assistance of counsel. Petitioner has only recently been afforded some access to some of the proper legal materials in order to pursue a § 2255 Motion. (See ATTACHMENT B)

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

The grounds for this motion are raised here for the first time, in Petitioner's first tier collateral review

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the sentence and judgment you are challenging? NO

If "Yes," state the name and location of the court, the docket number, the type of proceeding, and the issues raised.

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of orders and judgments you are challenging:

Petitioner was represented at all stages of his criminal proceedings by:

Craig H. Durham
223 N. 6th St., Ste. 325
Boise, ID 83702

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? YES

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? NO

(a) If so, give the name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed: **N/A**

(c) Give the length of the other sentence: **N/A**

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? **N/A**

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 dose not bar your motion.

This motion is timely unde 28 U.S.C. § 2255(f)(4) based upon facts supporting the claims presented were just discovered by petitioner through due dilligence.

Additionally, petitioner has been serving the sentence challenged in this action along with a state sentence in the State of Idaho concurrently. As a result of being housed in the State of Idaho Department of Correction, he has not had the ability to file a timely § 2255 Motion due to the Idaho Department of Correction Standard Operating Procedure 405.02.01.001, Access to Courts, does not recognize it as a "qualified legal claim" that he may pursue to date. Only since October 2020 has he had the ability to access some materials in order to pursue this § 2255 proceeding. (See ATTACHMENT B).

**WHEREFORE,** movant asks the Court grant the following:

1. **THAT** the Court conducts its review of this Motion and advances it upon its normal calendar;

2. **FIND and DECLARE** that petitioner's Claim 1, that the government withheld exculpatory evidence of other law enforcement agencies investigation reports from petitioner and his counsel of record was detrimental in making an informed choice as to agreeing with the Rule 11 Plea Agreement;

3. **FIND and DECLARE** that petitioner's Claim 2, that the government coerced petitioner into accepting a plea agreement without all of the material facts evidence being made available to him and his counsel which prejudiced the petitioner by causing him to plead guilty rather than go to trial;

4. **FIND and DECLARE** that petitioner's Claim 3, that trial counsel prejudiced the petitioner and thus deprived him of effective assistance of counsel in the Motion to Suppress proceedings;

5. FIND and DECLARE that petitioner's Claim 4, that the cumulative deficient performance of Trial Counsel prejudiced the petitioner and thus deprived him of effective assistance of counsel in the Rule 11 Plea Agreement and Guilty Plea proceedings;

6. VACATE petitioner's guilty plea and sentence based upon Claims 1, 2 and 3;

7. ORDER petitioner's Judgment (Docket 81) is vacated and re-entered nunc pro tunc, so as to permit petitioner to appeal the District Court's Memorandum Decision and Order (Docket 51) denying petitioner's Motion to Suppress (Docket 41), so petitioner may file a timely Appeal; and

8. GRANT any further relief to which petitioner may be entitled to in this proceeding as allowed by law.

I declare under penalty of perjury that with the assistance of another prisoner I have prepared this MOTION UNDER § 255, and have read the contents contained herein and declare under penalty of perjury that they are true and correct to the best of my knowledge and belief. 28 U.S.C. § 1746. Executed at the Idaho Maximum Security Institution, Boise, Idaho.

Dated: 3-16-21

Ray Perales, Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that I deposited an original of the foregoing in the Prison Legal Mail System to be scanned and electronically transmitted to the Clerk of the Court for filing, and that counsel for Plaintiff-Respondent is a participant in the Court's CM/ECF program and that separate service is not required beyond the Notification of Electronic Filing to be forwarded by the Clerk of the Court upon the filing of the foregoing document.

Dated: 3-16-21

Ray Perales, Defendant-Petitioner