RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
CHRISTOPHER S. ATWOOD, IDAHO STATE BAR NO. 7013
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, ID 83702
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAY PERALES,<br><br>            Petitioner,<br><br>vs.<br><br>UNITED STATES of AMERICA,<br><br>            Respondent. | Case No. 1:21-cv-00125-DCN<br><br>**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

The United States of America, by and through Rafael M. Gonzalez, Jr., Acting United States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho, files this response to petitioner Ray Perales's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.

The petitioner's untimely pro se motion contains four claims including: (1) the government withheld evidence; (2) his guilty plea was coerced; (3) his trial counsel was ineffective relating to the suppression motion; and (4) his trial counsel was ineffective in advising him to plead guilty. The petitioner signed a plea agreement in which he waived his right to file a motion under 28 U.S.C. § 2255 alleging anything other than ineffective assistance of

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 1**

counsel. *See* Case 1:17-cr-00245-BLW, Docket No. 59, p. 8–9. Notwithstanding his knowing waiver to these allegations, his motion should be denied for its procedural flaws, including because it contains conclusory allegations and does not contain specific factual assertions. The petition should also be denied because it is factually inaccurate, his counsel was not deficient, and he has not established any prejudice suffered by his counsel's actions.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Factual Background

On July 19, 2017, Petitioner was arrested by his parole officer for violating conditions of his parole. Case 1:17-cr-00245-BLW, Docket No. 57, p. 2. Police officers searched the car he drove to the parole office and found $13,320 in the center console near a Mexican passport that belonged to Ricardo Renteria. *Id*. at 2–3. At the request of Petitioner's parole officer, police officers assisted with a search of Petitioner's apartment in Caldwell, Idaho, where police found a loaded handgun. *Id*. at 3.

On August 7, 2017, Agent Williams submitted an affidavit in support of a search warrant to search a "stash house" in Homedale, Idaho. Case No. 1:17-mj-09826-MHW, Docket No. 1. The affidavit contained information from three separate persons regarding Petitioner's drug sales including a confidential source who told investigators about going to the stash house in Homedale with Petitioner to first obtain large quantities of methamphetamine and to later take large amounts of cash. *Id.* The confidential source told investigators that a Hispanic male, who was later identified as codefendant Ricardo Renteria, lived at the stash house. *Id.* The affidavit stated that police officers saw a vehicle, which was registered to Petitioner, at the stash house on several occasions. *Id.* The affidavit included additional information. The court issued the search warrant authorizing investigators to search the stash house in Homedale. Case No. 1:17-mj-

09826-MHW, Docket No. 2. When investigators searched the stash house, they found approximately five pounds of methamphetamine, a digital scale, and $18,231. Case 1:17-cr-00245-BLW, Docket No. 57, p. 4. Investigators arrested co-defendant Ricardo Renteria who was at the stash house at the time of the search. *Id*.

The stash house was a mobile home trailer. *Id*. According to the title and lease agreement, Petitioner was the owner of the trailer home and both Petitioner and Renteria signed the lease for the trailer space. Case 1:17-cr-00245-BLW, Docket No. 50, p. 6.

## II.     Procedural Background

Petitioner was charged with conspiring with Renteria to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; and Petitioner was also charged with the unlawful possession of a firearm, in violation 18 U.S.C. § 922(g)(1). The government filed notice of sentencing enhancement, pursuant to 21 U.S.C. §§ 851 and 841(b)(1)(A), that increased the potential sentence that Petitioner might receive to life in prison because of his numerous prior felony drug offenses. Case 1:17-cr-00245-BLW, Docket No. 39.

Petitioner's trial counsel filed a motion to suppress seeking to exclude the evidence found in the vehicle Petitioner was driving, the stash house in Homedale, Petitioner's residence in Caldwell, as well as his statements to law enforcement. Case 1:17-cr-00245-BLW, Docket Nos. 40 and 41. On April 30, 2018, the court held a hearing on the motion to suppress. *Id*. Docket No. 53.  On June 11, 2018, the Court denied the motion to suppress. Case 1:17-cr-00245-BLW, Docket No. 57.

Two days later, the parties filed a plea agreement where Petitioner agreed to plead guilty to conspiring to distribute methamphetamine and admit that he had one prior felony drug offense convictions that would enhance his sentence. Case 1:17-cr-00245-BLW, Docket No. 59, p. 1.

Petitioner also agreed to waive his right to collaterally attack the conviction and sentence except he retained the right to file a § 2255 petition only if alleging ineffective assistance of counsel. *Id*. at 9. In exchange, the government agreed to dismiss the firearm charge and withdraw the other portion of the sentencing enhancement alleging a second prior felony drug offense conviction. *Id*. On July 13, 2018, Petitioner entered his guilty plea before the Court. *Id*. Docket No. 65. At sentencing on October 4, 2018, even though the advisory guideline range was 360 months to life imprisonment, the Court imposed a sentence of 262 months to run concurrently with Petitioner's sentence in state court. The Judgment was filed October 9, 2018. Docket No. 81. Petitioner filed the untimely instant motion approximately two and a half years later on March 16, 2021. The Court should dismiss and deny Petitioner's motion.

## ARGUMENT

### I.      The Defendant's motion is untimely and should be dismissed.

A defendant must file a 2255 motion within one year of the date on which his judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). In this case, the Judgment was filed on October 9, 2018, and became final 14 days later, because no appeal was filed. FED. R. APP. P. 4(b)(1)(A). Petitioner's motion is untimely because it was filed approximately two and a half years after it became final.

Petitioner asserts that he was serving a concurrent sentence in the Idaho Department of Corrections (IDOC). However, persons serving concurrent sentences under the judgement of a state court are "in custody" for § 2255 purposes. *See* Rules Governing Section 2255, Rule 1(b). Under section 2255's statute of limitations, a prisoner must bring any collateral challenge to a federal sentence within one year of the date that the judgment becomes final, regardless of

whether he has begun to serve that sentence. *Ospina v. United States*, 386 F.3d 750, 752 (6th Cir. 2004).

There is an exception to the one-year statute of limitation if government action, in violation of the laws or Constitution, prevented petitioner from making such a motion. 28 U.S.C. § 2255(f)(2). In this case, Petitioner was incarcerated in IDOC, which has a legal resource center (law library) and even paralegal staff whose job it is to provide inmates with legal resources and explain processes required by federal and state court rules. *See* http://forms.idoc.idaho.gov/WebLink/0/edoc/283204/Access%20to%20Courts%20-%20SOP.pdf. Petitioner acknowledges that he had access to some legal resources but, in his unsigned declaration, he complains that IDOC does not provide for "extensive or generalized" legal research and he asserts the library did not have Federal Habeas Corpus Practice and Procedure book. Even if true, the lack of access to library materials does not automatically qualify as grounds for tolling the statute of limitations. *Whalem/Hunt v. Early*, 33 F.3d 1146, 1148 (9th Cir. 2000); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). The court should evaluate the facts in each particular case. *Whalem/Hunt*, 33 F.3d at 1148. Petitioner must show there was an impediment to filing his motion. In this case, Petitioner had access to the legal resource center and paralegal staff to assist him. The records of the activity log at the IMSI facility in IDOC show that Petitioner was familiar with the resource center and had used it in the past. *See* Government's Exhibit #1. The records do not show that Petitioner even attempted to diligently purse his § 2255 or made requests for any legal resources for that purpose.[1] Under

---

[1] In addition to the activity log from the Idaho Maximum Security Institution (IMSI), the Government obtained information from a second IDOC institution, the Idaho State Correctional Institution (ISCI). According to the paralegal at ISCI, inmates have access to federal rules and documents related to 28 U.S.C. § 2555. Petitioner did not request those resource from ISCI. *Id*. However, Petitioner failed to state in his motion what facility he was housed in during this time.

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 5**

these circumstances, where he had access to the legal resource center and paralegal staff to assist him, he has failed to show such an impediment existed. The Court should dismiss and deny Petitioner's motion because it is untimely.

Even if the Court were to address the merits of Petitioner's 2255 motion, the court should dismiss and deny the claims without hearing for the reasons stated hereafter.

II.     **The Petitioner's Speculation that the Government Withheld Evidence is Wrong.**

Petitioner's first claim should be denied because he failed to support his speculative and conclusory allegations with any facts that would warrant a hearing on the matter. Without any evidence to support his flimsy assumptions, Petitioner suggests the government violated its *Brady* obligations to disclose evidence favorable to the defense by withholding police reports. *See* Petition #1-1, p.2. The first basis Petitioner cites for his unfounded speculation is a press release the government issued in the case that indicates it was a result of an Organized Crime and Drug Enforcement Task Force (OCDETF) investigation. Petitioner surmises that there should be investigative reports from each and every OCDETF member agency listed in the press release. It is true that the press release contains a standard tag line used in all OCDETF press releases that includes a list of all the federal agencies that are members of OCDETF. https://www.justice.gov/ocdetf/about-ocdetf. However, each member agency does not participate in every single OCDETF investigation. While this investigation was classified as an OCDETF case, several of those agencies simply did not participate and therefore did not write any reports related to this investigation. Petitioner's second basis for this speculative claim is equally false. Petitioner notes that Agent Williams' report mentions that two other DEA agents were present for the search of the stash house. *Id*. at p. 3. Petitioner asserts that he "felt" like there were more reports and believes there "should have been" more reports. There were not. There is no

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 6**

requirement that every agent present for a search author their own separate investigative report. Petitioner's assumptions are misplaced. Petitioner has failed to provide any credible basis showing investigative reports were withheld. In fact, none were withheld. Even if reports were withheld, which they were not, Petitioner's assertion that it was a *Brady* violation fails because he would have to show any such material was both favorable to the defense and material.

Petitioner's rampant speculation and conclusory allegations do not entitle him to an evidentiary hearing. A 2255 motion must "state the facts supporting each ground" for relief asserted in the motion. Rules Governing § 2255 Proceedings, Rule 2(b)(2). When a defendant's 2255 claim "is conclusory or inherently incredible, a district court has the discretion to dismiss the petition without a hearing." *United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."). Rule 4(b) of the Rules governing § 2255 provide the court authority to dismiss a motion "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

### III.   The Petitioner has Failed to Show his Guilty Plea Was Coerced

Petitioner's second claim should be dismissed without a hearing because he waived the right to raise this argument, it is barred under the procedural default doctrine, and is wrong according to binding law. Petitioner alleges that his guilty plea was "induced under coercion and threats by the Government" that if he did not plead guilty he "would face additional charges and incarceration."

As stated above, Petitioner signed a plea agreement that waived his right to bring a § 2255 petition on any grounds other than ineffective assistance of counsel. Plea agreement,

Docket No. 59, p. 9. On July 13, 2018, Petitioner appeared before the Court and entered his guilty plea only after a lengthy colloquy so that the Court could ensure his guilty plea was knowing, intelligent, and voluntary.[2] Further, this argument is procedurally barred. As a general rule, claims not raised at trial or on direct appeal may not be raised on collateral review. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Petitioner failed to present this theory to this Court or the appellate court therefore is it barred.

Even if this claim was not waived and procedurally barred, this claim should be dismissed because it is wrong according to binding law. Because the need for finality has "'special force with respect to convictions based on guilty pleas,'" collateral review of such convictions exists only in "strictly limited" circumstances. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Timmreck*, 441 U.S. at 784). In particular, "a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). When a defendant files a § 2255 motion to challenge the validity of a conviction obtained pursuant to a guilty plea, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989).

One of the most common form of plea bargaining is for prosecutors to drop certain charges in exchange for the plea to others. Criminal Practice Manual § 45:15. In *Bordenkircher v. Hayes*, the Supreme Court held that a prosecutor's threats to indict a defendant on more severe charges do not render a plea involuntary even if the plea was induced by defendant's fear of a

---

[2] The Government has not obtained a transcript of the plea hearing on July 13, 2018. However, given the Court's consistent, methodical, and standardized plea colloquy, the Government is confident that the pleas were entered knowingly, intelligently, and voluntarily. The Defendant does not argue otherwise. To the extent the Court believes a transcript is necessary, the Government will assist the Court in obtaining such a transcript.

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 8**

greater sentence upon conviction at trial. 434 U.S. 357, 362–364 (1978). In *Bordenkircher*, the defendant's plea was held voluntary despite prosecutor's threat to apply a recidivist enhancement with a potential life sentence if defendant did not plead guilty. *Id*.  In the "'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." *Id*. 363. The Court should dismiss Petitioner's claim because even if Petitioner's allegations were true, that he pleaded guilty so that he would not face additional charges and incarceration, it does not amount to coercion.

Petitioner's claim fails for yet another reason. He argues his guilty plea was not voluntary, and was coerced, because he *signed* the plea agreement while still waiting for the Court to rule on his suppression motion. Docket No. 1-1, p. 3. However, Petitioner did not enter his guilty plea before the Court until July 13, 2018, (Docket No. 65), which occurred nearly a month after the Court had denied his suppression motion on June 11, 2018 (Docket No. 57).[3] So at the time he entered his guilty plea, he had the full benefit of knowing the Court's decision denying his suppression motion. Even then he could have rejected the prosecution's offer and proceeded to trial. Instead, he choose to plead guilty and receive a significant benefit from the government in return including not only the dismissal of the firearm charge but also the withdrawal of the other portion of the sentencing enhancement alleging a second prior felony drug offense conviction, which could have resulted in a mandatory life sentence if he were convicted. Docket No. 59.

---

[3] As further explained below, Petitioner signed and accepted the plea agreement so that he could receive its full benefit, but the Government also agreed to not file the plea agreement until after the Court issued its ruling on the suppression motion so that Petitioner could still decide whether to plead guilty depending on the outcome of the suppression motion. *See* Government's Exhibit #2. If Petitioner would have prevailed on the suppression motion, he could have simply not entered his guilty plea.

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 9**

### IV.     The Petitioner Was Not Denied Effective Assistance of Counsel Relating to the Suppression Motion

Petitioner's third claim alleges ineffective assistance of counsel relating to his motion to suppress. Docket No. 1-1, p. 4.  In sum, Petitioner acknowledges that he leased the trailer (stash house) where the five pounds of methamphetamine, digital scale, and $18,231 were found, and he also admits that his vehicle was at the trailer prior to the search; however, he argues that his codefendant was the one living in the trailer and was also borrowing his vehicle. Petitioner incorrectly argues that if his counsel would have presented this information, the court would have suppressed the evidence because Petitioner was not "living" at the trailer. Docket No. 1-1, p. 5.

The Court should dismiss and deny Petitioner's claim without hearing. First, the information Petitioner now complains was omitted was presented to the Court for its consideration in the motion to suppress. The Government has never claimed Petitioner lived at the stash house. The affidavit that was submitted in support of the search warrant includes information explaining Petitioner's home was in Caldwell and also included information about the stash house in Homedale. Case No. 1:17-mj-09826-MHW, Docket No. 1, ¶¶ 7–8. The affidavit specifically included the information, which Petitioner now claims was omitted, that stated, "Renteria is the only person that stays at that stash house." *Id*. at ¶ 9. When Petitioner's counsel sought to suppress the evidence found in the stash house, he provided the affidavit to the Court. Case No. 1:17-cr-00245-DCN, Docket Nos. 41-1, 42 (Exhibit C). In its response to the motion to suppress, the Government's specifically acknowledged that Petitioner lived in Caldwell because that's where his gun was found. Docket No. 50, p. 3. The Court's order denying the suppression motion also distinguished between Petitioner's residence where the gun

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 10**

found and the stash house where the methamphetamine and money were found. Docket No. 57, p. 3–4.

Whether Petitioner lived at the stash house trailer was not dispositive of the suppression motion. Petitioner's counsel pursued the only possible basis to suppress the evidence found at the stash house by arguing the search warrant affidavit lacked probable cause and contained tainted information that was the fruit of other illegally obtained evidence. That issue was fully presented and argued to the Court and the Court properly denied the motion because there was overwhelming evidence to support probable cause that the stash house contained evidence of drug trafficking. Moreover, the Court need not readdress the search and seizure issue because Petitioner cannot raise illegal search and seizure claims in a 2255 proceeding. See *Stone v. Powell*, 428 U.S. 465, 486–89 (1976) (a defendant cannot raise a suppression issue in a 2255 motion, as it is a "judicially created remedy rather than a personal constitutional right" meant to deter police conduct). Thus the only inquiry for the Court on this issue is whether Petitioner received effective assistance of counsel on this issue.

To succeed in a claim for ineffective assistance of counsel, defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner bears the burden of identifying specific "acts or omissions" of defense counsel which allegedly fell "outside the wide range of professionally competent assistance." *Id*. at 690. Petitioner must then make a two-pronged showing of (1) constitutionally-deficient performance and (2) prejudice. *Id*. at 687.

To meet the first *Strickland* prong, counsel's performance must have fallen below "an objective standard of reasonableness" under "prevailing professional norms." *Id*. at 687-88. To

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 11**

meet the second prong, defendant must show that counsel's deficient performance prejudiced the defense. *Id*. at 692. To prove prejudice, defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Courts must apply a "strong presumption that counsel's performance fell within the 'wide range of professional assistance.'" *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689); *see also United States v. Bosch*, 914 F.2d 1239, 1244 (9th Cir. 1990). In applying that presumption, a court must make an effort "to eliminate the distorting effects of hindsight" and instead "to reconstruct the circumstances of counsel's challenged conduct" and "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

In his motion, petitioner must "state the facts supporting each ground" for relief asserted in the motion. Petitioner must identify specific deficient acts or omissions of defense counsel. *Strickland*, 466 U.S. at 690. When a defendant's 2255 claim "is conclusory or inherently incredible, a district court has the discretion to dismiss the petition without a hearing." *United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

In the instant case, the information that Petitioner complains that his counsel failed to present to the Court (that Petitioner did not reside at the stash house trailer) was presented to the court and was also not relevant to outcome of the suppression issue. Petitioner's counsel was not deficient. Rather, his counsel filed a comprehensive, thorough, and well-written motion to

suppress that challenged the seizure of the evidence at the stash house trailer as well as other two other locations and the Petitioner's statements to investigators. Even if Petitioner's counsel was deficient, which he was not, Petitioner has not established any prejudice. There was nothing Petitioner's counsel could do differently, the evidence was legally obtained and there was overwhelming evidence supporting the probable cause that the stash house trailer contained evidence of drug trafficking.

### V.    The Petitioner Was Not Denied Effective Assistance of Counsel Relating to the Plea Agreement

Finally, the Court should dismiss Petitioner's last claim where he argues that his counsel was ineffective because when he encouraged Petitioner to accept the plea agreement, his counsel "failed to realize" that the motion to suppress was still pending and that Petitioner "could possibly prevail on it". Docket No. 1-1, p. 6. The Court should dismiss this claim without hearing because it is without merit.

His counsel's performance was not deficient. While Petitioner signed and accepted the plea agreement so that he could take advantage of its full benefit, the Government had already agreed with his counsel to not file the plea agreement until after the Court issued its ruling on the suppression motion, which would permit Petitioner to still decide whether to plead guilty depending on the outcome of the suppression motion. See Government's Exhibit #2. Petitioner's counsel was well aware that if Petitioner would have prevailed on the suppression motion, he could have simply not entered his guilty plea.

Moreover, even assuming that his counsel was deficient in advising Petitioner to accept the plea agreement while the suppression motion was pending, which he was not, there was no prejudice because the Court ultimately denied Petitioner's motion to suppress. Petitioner was in no worse position than if he had rejected the plea agreement. Indeed, his counsel's performance

was quite impressive. He was able to file a thorough suppression motion challenging the government's evidence, even though it was eventually denied. And despite challenging the evidence through the unsuccessful motion to suppress, his counsel was still able to secure a favorable plea agreement for Petitioner wherein the Government agreed to withdraw a recidivist sentencing enhancement that would have resulted in a mandatory life sentence had Petitioner been convicted. Petitioner's claim is meritless and does not warrant a hearing.

## CERTIFICATE OF APPEALABILITY

For the reasons stated herein, the Petitioner has not demonstrated the denial of a constitutional right, nor that reasonable jurists would find it debatable. *See* 28 U.S.C. § 2253(c)(2). Accordingly, the government asserts that a certificate of appealability is unwarranted in the present matter. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing that dismissal on procedural grounds requires the movant to show, at least, that reasonable jurists would find the both the constitutional claim and the application of the procedural bar debatable).

## CONCLUSION

For the reasons stated, this Court should deny the Petitioner's § 2255 Motion. He is not entitled to § 2255 relief.

Respectfully submitted this 8th day of June, 2021.

RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
By:

*/s/ Christopher S. Atwood*
CHRISTOPHER S. ATWOOD
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 8, 2021, the foregoing **GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Ray Perales #19254-023<br>FCI Sheridan<br>Federal Correctional Institution<br>P.O. Box 5000<br>Sheridan, OR  97378 | ☒ United States Mail, postage prepaid<br>☐ Fax<br>☐ ECF filing<br>☐ Email |

                                                  */s/ Brandi Fifer*
                                                  Legal Assistant