UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAY PERALES,<br><br>       Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>       Respondent. | Case No. 1:21-cv-00125-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Petitioner Ray Perales's Motion for Reconsideration. Dkt. 25. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court DENIES the Motion.

# II. BACKGROUND

Petitioner Perales filed a Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 alleging four claims: (1) the government withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) his guilty plea was coerced; (3) his trial counsel was

ineffective with respect to a Motion to Suppress proceeding; and (4) his trial counsel was also ineffective with respect to the plea agreement. Dkt. 1. The claims arise from Perales's allegations that governmental agencies who interacted during the investigation into the underlying crime did not produce all the documents that likely would have been created as a part of that process. Dkt. 1-1, at 2–3. Perales claims that the Government impermissibly withheld these documents which resulted in prejudice during discovery. *Id.* Further, without this information, Perales asserts he entered into a plea agreement under the threat of additional charges for failure to accept responsibility. *Id.* Perales contends this was not done knowingly or voluntarily as he was not aware of all of the reports and evidence available. *Id.* at 3. Consequently, he argues his counsel could not effectively assist in preparing for trial or the suppression of evidence. *Id.* at 4. Perales filed the Motion pro se seeking to have his sentence and guilty plea vacated to allow for appeals. Dkt. 1.

The Government responded. *See* Dkt. 5. Perales sought and received several extensions for a reply to the response. Dkts. 6–9, 19, 21. Perales filed his reply on April 15, 2022. Dkt 22. The Court considered the petition and issued a ruling denying the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Dkt. 23. The Court issued a judgment dismissing the case with prejudice and closed the case. Dkt. 24. Shortly thereafter, Perales filed his Motion for Reconsideration. Dkt. 25.

### III. LEGAL STANDARD

It is true that "neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider." *Magnus Pac. Corp. v. Advanced Explosives Demolition, Inc.*, 2014 WL 3533622, at *1 (D. Idaho July 15, 2014). Nevertheless, the

Ninth Circuit has instructed that courts should treat motions to reconsider "as motions to alter or amend under Federal Rule of Civil Procedure 59(e)." *Id.* (citing *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984)). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (3d ed. 2000)); *see also Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application).

In general, there are four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if amendment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citation omitted) "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d

1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc.*, 229 F.3d at 883).

## A. Availability of Equitable Tolling

Perales asserts this Court committed clear error in denying his equitable tolling request, which ultimately led to his petition being dismissed based on untimeliness. Dkt. 25, at 2. He asserts the Court wrongly relied on binding Ninth Circuit precedent and instead should look to a Sixth Circuit case.[1] *Id.* Perales misstates the issue the Ninth Circuit decided in *Raspberry* when referencing the case in his Motion for Reconsideration. The *Raspberry* Court specifically addressed the issue of a pro se litigant who was unaware of filing deadlines and could not demonstrate extraordinary circumstances warranting tolling, phrasing knowledge of deadlines as "legal sophistication." *Raspberry v. Garcia*, 448 F.3d 1150, 1153-54 (9th Cir. 2006).

Further, the Sixth Circuit's *Solomon* decision Perales points to is inapposite. While the petitioner in the *Solomon* court did lack notice, it was because the law had only gone into effect the prior year while the petitioner was incarcerated. *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006). The circumstances for the lack of notice are not factually similar to Perales's situation.

In his Motion for Equitable Tolling (Dkt. 17) and in his Motion for Reconsideration (Dkt. 25), Perales fails to articulate extraordinary circumstances that prevented him from filing his Petition in a timely manner aside from unawareness. In *Raspberry*, the Ninth

---

[1] Perales claims *Raspberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006) is inapplicable because it focuses on the "wrong" issue whereas *Solomon v. United States*, 467 F.3d 928 (6th Cir. 2006) would be more similar to his situation.

MEMORANDUM DECISION AND ORDER - 4

Circuit affirmatively joined sister circuits in finding that ignorance of the law is not a basis for equitable tolling. *Raspberry*, 448 F.3d at 1154 (cleaned up). This Court is bound by that decision and did not commit clear error in rejecting Perales's arguments.

Because clear error does not exist, Perales's subsequent arguments in his Motion for Reconsideration, which rely on a finding of clear error, are moot. The Court did not abuse its discretion in denying the equitable tolling and, therefore, there are no procedural grounds upon which relief can be given.

## B. Petition on the Merits

And even though Perales's Petition was untimely, the Court considered and ruled on the merits of his claims regarding *Brady* violations and ineffective assistance of counsel. Dkt. 23, at 8–15. Despite Perales's assertions that the court "acted in a manner inconsistent with due process" for not granting leave to amend his complaint, the Court addressed his claim regarding ineffective assistance of counsel (the claim he wished to add through amendment) in its Order. Dkt. 23, at 14. As explained, Perales failed to demonstrate his counsel's actions met both prongs under the *Strickland* test and Perales testified in court that he was satisfied with his representation. *Id.* A constitutional error did not occur, and Perales was not denied due process. Therefore, the Court will not reconsider the decision on the merits.

## IV. CERTIFICATE OF APPLEALABILITY

For the reasons set forth above, the Court concludes that Perales has failed to make any showing, let alone a substantial showing, of the denial of a constitutional right. Accordingly, the Court will not issue a Certificate of Appealability ("COA"). If Perales

wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a COA from the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2). *Id*. ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c) . . . .").

## V. CONCLUSION

Perales does not present any newly discovered, or previously unavailable, evidence because he lists no new facts. Perales also does not justify his request for reconsideration by pointing to an intervening change in controlling law because all his cited cases were decided before this case began. Finally, the Court finds it did not commit any clear error, or subject Perales to any manifest injustice, in its prior ruling. Accordingly, Perales has failed to reach the high standard necessary for the Court to amend its holding and DENIES his Motion for Reconsideration.

## VI. ORDER

IT IS ORDERED that Perales's Motion for Reconsideration (Dkt. 25) is **DENIED**.

DATED: March 2, 2023

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6